# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2839

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| Benjamin Matthew Logan, Also | * | of Minnesota. |
| Known as Matt Logan, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 14, 2000

Filed: April 24, 2000

_____

Before WOLLMAN, Chief Judge, and HEANEY, McMILLIAN, RICHARD S.
ARNOLD, BOWMAN, BEAM, LOKEN, HANSEN, MORRIS SHEPPARD
ARNOLD, and MURPHY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Benjamin Matthew Logan appealed from convictions for conspiracy, *see* 18
U.S.C. § 371, selling firearms without a license, *see* 18 U.S.C. § 922(a)(1)(A),
§ 924(a)(1)(D), the interstate transportation of stolen firearms, *see* 18 U.S.C. § 922(j),
§ 924(a)(2), making false statements in firearms transaction records, *see* 18 U.S.C.
§ 924(a)(1)(A), armed robbery, *see* 18 U.S.C. § 1951, and using a firearm in a crime

of violence, *see* 18 U.S.C. § 924(c).  A panel of our court affirmed all of the convictions except those for armed robbery and using a firearm in a crime of violence; the panel reversed the latter two convictions on the ground that Mr. Logan's sixth amendment rights of confrontation were violated during his trial.  *See United States v. Al-Muqsit*, 191 F.3d 928, 941-45 (8th Cir. 1999), *vacated*, No. 98-2839 (8th Cir. Nov. 23, 1999), *cert. denied*, 120 S. Ct. 548 (1999).  We granted the government's petition for rehearing *en banc* to consider a single point, *viz.*, whether, in the circumstances of this case, Mr. Logan was denied his rights under the confrontation clause when a nontestifying codefendant's statement was admitted into evidence.  We conclude that Mr. Logan's rights were not violated and we therefore affirm the two remaining convictions.

I.

Mr. Logan's complaint about the way that his trial was conducted centers on the manner in which the trial court admitted the confession of Zachary Roan, Mr. Logan's codefendant and alleged accomplice in an armed robbery and a murder.  A detective was allowed to testify that Mr. Roan said that he planned and committed the relevant robbery with "another individual."  Despite the fact that the trial court instructed the jury not to use the statement as evidence of Mr. Logan's involvement, Mr. Logan maintains that he was denied his sixth amendment rights of confrontation because Mr. Roan did not testify.

In support of his contention, Mr. Logan directs our attention to *Bruton v. United States*, 391 U.S. 123, 126 (1968), which overturned a conviction because the trial court admitted, over the defendant's objection, a codefendant's statement that he and the defendant had committed an armed robbery.  The Court held in that case that an instruction to the jury to disregard the statement to the extent that it implicated the defendant insufficiently safeguarded the defendant's confrontation rights.  *Id.* at 135-36.  In *Richardson v. Marsh*, 481 U.S. 200, 208-09, 211 (1987), however, picking up on a hint dropped in *Bruton*, the Court approved the admission of a nontestifying

codefendant's confession that was redacted to eliminate any reference to the defendant's existence. The Court held that so long as a proper cautionary instruction is given to the jury, if the confession itself does not implicate the defendant, the fact that it might do so in light of other evidence introduced at the trial is of no moment. *See id.* at 208.

Here, Mr. Logan asserts that replacing his name with the phrase "another individual" somehow ineluctably led the jury to conclude that he was the person meant. He says this, evidently, for two reasons. The first is that another confession of Mr. Roan's was admitted during the trial before the detective testified, and in it Mr. Roan refused to name his accomplice. Mr. Logan maintains that because in the redacted statement Mr. Roan said that he committed the crimes with "another individual," and since there was no reference to a refusal to name the accomplice, the jury would infer that a name (namely, Mr. Logan's) was purposely redacted from the second statement.

We are unable to follow the logic of this argument. There is no inconsistency between a statement that includes a refusal to name an accomplice and a statement that "another individual" committed a crime. A refusal to name an accomplice necessarily presupposes the existence of "another individual." Since the two statements are perfectly consistent, we see no reasonable possibility that a jury would infer that Mr. Roan had named his accomplice in the second statement but that the name had been redacted from that statement.

Mr. Logan's second contention is equally meritless. He argues that because he took the stand and admitted that he was present at the robbery and the murder but maintained that he was coerced, the redacted confession took on added evidentiary meaning and pointed a finger directly at him. We see the logic of the argument, but we think that it is expressly foreclosed by *Marsh*. Although the Court in *Marsh*, 481 U.S. at 211 n.5, reserved ruling on the case in which the defendant's existence is adverted to in some anonymous way, as, for instance, by replacing "the defendant's name ... with

-3-

a ... neutral pronoun," we think that the principles on which *Marsh* was decided provide clear guidance on how to resolve the instant difficulty.

In deciding *Marsh*, 481 U.S. at 209, the Court expressly rejected the proposition that the admissibility of the relevant confession was to be judged by "assess[ing] [its] 'inculpatory value' by examining not only the face of the confession, but also all of the evidence introduced at trial," *id.* at 205-06, quoting *Marsh v. Richardson*, 781 F.2d 1201, 1212 (6th Cir. 1986), *rev'd*, *Marsh*, 481 U.S. at 200. Indeed, the Court limited the *Bruton* rule to "facially incriminating" confessions. *Marsh*, 481 U.S. at 211. We think that the Court's comment that any other rule "obviously lends itself to manipulation by the defense," *id.* at 209, effectively deals with Mr. Logan's complaint that to accept the government's argument in this case would penalize him for raising the defense of coercion and would deter others from doing the same.

In holding that the admissibility of a confession under *Bruton* is to be determined by viewing the redacted confession in isolation from the other evidence admitted at trial, we simply adhere to a view that several of our cases have long since adopted. *See*, *e.g.*, *United States v. Jones*, 101 F.3d 1263, 1270 (8th Cir. 1996), where we explained that "there is no violation where the confession implicates the defendant only when linked to other evidence." Numerous opinions from our sister circuits support this view of the law. *See*, *e.g.*, *United States v. Verduzco-Martinez*, 186 F.3d 1208, 1212-15 (10th Cir. 1999); *United States v. Lage*, 183 F.3d 374, 387-88 (5th Cir. 1999), *cert. denied*, 2000 WL 197669, 2000 WL 197670 (U.S. Feb. 22, 2000); *United States v. Sherlin*, 67 F.3d 1208, 1215-17 (6th Cir. 1995), *cert. denied*, 516 U.S. 1082, 517 U.S. 1158 (1996); *United States v. Hoac*, 990 F.2d 1099, 1105-07 (9th Cir. 1993), *cert. denied*, 510 U.S. 1120 (1994); *United States v. Williams*, 936 F.2d 698, 700-01 (2d Cir. 1991); and *United States v. Vogt*, 910 F.2d 1184, 1191-92 (4th Cir. 1990), *cert. denied*, 498 U.S. 1083 (1991). We think that it is important to bear in mind that *Bruton* turned on an uneasiness about the jury's ability to heed a cautionary instruction, and we are not uneasy about the efficacy of such an instruction when the relevant

confession itself does not implicate the defendant.  We become more firmly attached to this conviction when we recall that *Bruton*, 391 U.S. at 135-37, recognized that it was establishing an exception to the general rule that courts presume that juries follow the instructions that trial courts give them.

We think, moreover, that the circumstances here serve to distinguish our case significantly from *Gray v. Maryland*, 523 U.S. 185, 188 (1998), where the Court reversed a conviction because a nontestifying codefendant's statement was admitted after being redacted by substituting a blank or the word "deleted" for the defendant's name.  We see, first of all, a difference in kind.  The confession in *Gray*, 523 U.S. at 194, had quite obviously been redacted, a circumstance that the Court found pointed a finger directly at the defendant.  In our case, by contrast, there was no indication whatever that there had been a redaction:  Mr. Roan's statement was an oral one, and the detective simply testified that Mr. Roan said that "another individual" had been in on the planning and commission of the offense.  For all the jury knew, these were Mr. Roan's actual words, not a modified version of them.

Then there is the matter of degree.  In *Gray*, 523 U.S. at 188-89, 192, the redacted written statement (with blanks for the defendant's name) was admitted into evidence and a witness also read the statement into evidence, saying the word "deleted" each of the four separate times that he encountered a blank.  By contrast, in our case, the allegedly offending phrase occurred only once, and then only in the mouth of a witness, not in the less ephemeral and potentially more damaging form of a writing. This is simply not the kind of statement that is so " 'powerfully incriminating,' " *Marsh*, 481 U.S. at 208, quoting *Bruton*, 391 U.S. at 135, that it requires us to abandon the normal presumption, already alluded to, that juries follow their instructions.  In so holding, we remain faithful to the admonition in *Gray*, 523 U.S. at 196, that we must consider "the kind of, not the simple fact of, inference" (emphasis deleted) that the relevant statement might give rise to.

Finally, Mr. Logan urges us to hold that our case is controlled by the recent Supreme Court decision of *Lilly v. Virginia*, 527 U.S. 116, 119 S. Ct. 1887 (1999). We decline that invitation because that case involved the admissibility of a confession of a nontestifying codefendant who implicated the defendant by name, and the Court rejected the argument that the unredacted statement, admitted as a statement against the declarant's penal interest, did not violate the defendant's confrontation rights. *Id.*, 119 S. Ct. at 1896-99 (plurality opinion). Our case involves a redacted confession and its admissibility or not continues to be determined by the principles outlined in *Bruton*, as the Court itself noted in *Lilly*, 119 S. Ct. at 1896 (plurality opinion).

## II.

For the reasons indicated, we affirm Mr. Logan's convictions for armed robbery and for using a firearm in a crime of violence. We also reinstate the earlier panel opinion to the extent that it is not inconsistent with this opinion.

HEANEY, Circuit Judge, with whom McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges, join, dissenting.

I believe that this case presents a clear <u>Bruton</u> violation, that the error here is not harmless, and, therefore, I would reverse the district court.

Benjamin Matthew Logan was tried jointly with Zachary Aaron Roan,[1] Karl Kimpton, and Dennis Kermit Michels on federal charges[2] of conspiracy, robbery, use and carrying of a firearm during a crime of violence, unlicensed dealing in firearms, and

---

[1]Subsequent to the trial, Roan changed his name to Abdul Wahid Al-Muqsit. For the sake of clarity, I refer to him by the name he used during the crimes and trial.

[2]It should be noted that Logan was previously tried for murder by the state of Minnesota for the same course of conduct. He was acquitted. This federal prosecution followed.

transportation and receipt of stolen firearms.  These charges arose out of the trafficking of illegal guns from Minnesota to Chicago.  Logan, with no prior criminal history, was convicted and sentenced to 45 years of imprisonment, primarily for the robbery conviction.

At the defendants' trial, the district court permitted Detective Walsh to testify that Roan had confessed to committing the robbery of Lloyd's Gun Shop with Logan. Walsh substituted the words "another individual" or "the other individual" for Logan's proper name when he testified to Roan's confession.

On appeal, a panel of this court affirmed Logan's convictions for conspiracy, unlicensed dealing in firearms, and transportation and receipt of stolen firearms.  The panel reversed his convictions for robbery and for use and carrying of a firearm in a crime of violence, finding these convictions were based on evidence admitted in violation of Logan's constitutional rights.  See United States v. Al-Muqsit, 191 F.3d 928, 945 (8th Cir. 1999).  The panel reviewed the United States Supreme Court's opinions in Bruton v. United States, 391 U.S. 123 (1968), Richardson v. Marsh, 481 U.S. 200 (1987), and Gray v. Maryland, 523 U.S. 185 (1998), and held that Logan's Sixth Amendment right to confrontation was violated because the minor redactions in Roan's confession were entirely useless in protecting Logan's rights under the Constitution.  I see no reason to depart from the panel opinion.  Indeed, upon further review I am convinced the panel was correct.

The seminal case on the admissibility of a nontestifying defendant's confession when it incriminates a codefendant is Bruton v. United States, 391 U.S. 123 (1968). In Bruton, two defendants, Evans and Bruton, were tried jointly for armed postal robbery.  Although Evans did not testify at trial, a postal inspector testified that Evans confessed that he and Bruton committed the robbery.  At the end of the trial, the court instructed the jury not to use Evans' confession as evidence of Bruton's guilt, despite the fact that Evans named Bruton as his accomplice.  See id. at 124-25, 134 n.10.  The

Court held that in a joint trial, the admission of a nontestifying defendant's confession that inculpates a codefendant violates the codefendant's Confrontation Clause rights. "Despite the concededly clear instructions to the jury to disregard Evans' inadmissible hearsay evidence inculpating [Bruton], in the context of a joint trial we cannot accept limiting instructions as an adequate substitute for [Bruton]'s constitutional right of cross-examination. The effect is the same as if there had been no instruction at all." Id. at 137.

In Richardson v. Marsh, 481 U.S. 200 (1987), the Court again took up the issue of the admission of one defendant's confession in a joint trial. The defendant's confession in Marsh did not facially incriminate the codefendant, as it had been redacted to omit any reference to the codefendant. The Court recognized the difference between the case before it and Bruton: where Bruton involved a confession that was unredacted and facially incriminated a codefendant, in Marsh, nothing in the confession even alluded to the codefendant's existence. It was only through other evidence introduced by the codefendant that she was linked to the confession. See id. at 203-04. Holding that no violation occurred, the Court intimated that the proper inquiry in considering Bruton issues was whether a defendant's confession incriminated a codefendant on its face. See id. at 211.

Had Marsh been the last time the Court spoke on this issue, the majority's opinion would be more persuasive. However, in concluding that "the admissibility of a confession under Bruton is to be determined by viewing the redacted confession in isolation from the other evidence admitted at trial," ante at 4, the majority ignores the tenets of Gray v. Maryland, 523 U.S. 185 (1998), a case with similar facts and the most recent source of Supreme Court authority on this issue.

In Gray, the issue was precisely the same one we take up, that is, whether a nontestifying defendant's confession, redacted only to omit the codefendant's name, is admissible in the joint trial of the defendant and the codefendant. The Gray Court held

-8-

that such a redaction violated <u>Bruton</u>, backing away from the narrow, "four-corners" analysis that the majority now endorses. See <u>id.</u> at 195-96. In <u>Gray</u>, the codefendant's name was replaced with a blank space. See <u>id.</u> at 192. The Court acknowledged that <u>Marsh</u> appeared to place "outside the scope of <u>Bruton</u>'s rule those statements that incriminate inferentially," and that "the jury must use inference to connect the statement in this redacted confession with the defendant." <u>Id.</u> at 195. However, as further stated by the Court:

> inference pure and simple cannot make the critical difference, for if it did, then [<u>Marsh</u>] would also place outside <u>Bruton</u>'s scope confessions that use shortened first names, nicknames, descriptions as unique as the red-haired, bearded, one-eyed man-with-a-limp, and perhaps even full names of defendants who are always known by a nickname.

<u>Id.</u> (citation and internal quotations omitted). <u>Marsh</u> did not indicate that inference itself is the critical point; rather, we are directed to consider "the *kind* of, not the simple *fact* of, inference." <u>Id.</u> at 196. If the redacted confession still leads the jury, making ordinary inferences, directly to the codefendant, a <u>Bruton</u> violation has occurred. See <u>id.</u>; <u>United States v. Gonzalez</u>, 183 F.3d 1315, 1322-23 (11th Cir. 1999) (finding <u>Bruton</u> violation where government redacted defendant's confession to refer to codefendant only by description, even though description could only be verified through other evidence); see also <u>United States v. Long</u>, 900 F.2d 1270, 1279-80 (8th Cir. 1990) (concluding <u>Bruton</u> violation occurred when defendant's redacted statement referred to codefendant only as "someone" but other evidence "led the jury straight to the conclusion that 'someone' referred to [the codefendant]").

In this case, there was an abundance of evidence linking Logan to Roan's redacted confession. Unlike the defendant in <u>Marsh</u>, all reference to Logan was not deleted. Rather, in relating the substance of Roan's confession, Detective Walsh

consistently referred to Logan as "another individual" or "the other individual" instead of using Logan's proper name.

When Walsh referred to this "other individual," it was clear he was talking about Logan. At the very outset of Logan's joint trial, the district court informed the jury of the nature of the indictments. Roan and Logan were the only defendants charged with the robbery of Lloyd's Gun Shop. Therefore, when Walsh referred to "another individual" who helped in the robbery, it was apparent even without other inferential evidence[3] that the mystery person was Logan; he was the only other person charged with robbery. As such, a juror who "wonders to whom the [redaction] might refer need only lift his eyes to [the codefendant] sitting at counsel table, to find what will seem the obvious answer." Gray, 523 U.S. at 193.

I find the redaction in Logan's case to be different from those we have recognized as acceptable in the past. We have allowed the admission of a defendant's confession in a joint trial where references to numerous actors were replaced by "we" or "they." See United States v. Edwards, 159 F.3d 1117, 1125-26 (8th Cir. 1998). In Edwards, the redactions did not "lead the jury directly to a nontestifying declarant's codefendant." Id. at 1125. A similar situation was presented in United States v. Jones, 101 F.3d 1263 (8th Cir. 1996), where a codefendant's name was replaced with "we" and "they." There, we recognized that replacing proper names with pronouns may be acceptable where the pronouns "could have referred to anyone or any group of individuals acting with [the defendant]," and did not lead the jury directly to the codefendant. Id. at 1270. Terms such as "we" or "they" are terms of indefinite number

---

[3]Indictments, of course, are not evidence. Thus, when the indictment linked Logan to the confession, he was not being linked by other trial evidence, but rather by the ordinary inferences a juror would be expected to make immediately upon hearing the redacted confession. See Gray, 523 U.S. at 196.

and are more ambiguous than terms such as "another individual" or "the other individual."

Further, the majority's reliance on <u>Jones</u>, <u>United States v. Williams</u>, 936 F.2d 698 (2d Cir. 1991), <u>United States v. Vogt</u>, 910 F.2d 1184 (4th Cir. 1990), <u>United States v. Sherlin</u>, 67 F.3d 1208 (6th Cir. 1995), and <u>United States v. Hoac</u>, 990 F.2d 1099 (9th Cir. 1993), is misplaced. Each case was decided before the Supreme Court's decision in <u>Gray</u>. To the extent that they stand for the proposition that a <u>Bruton</u> violation occurs only when a nontestifying defendant's confession facially incriminates a codefendant, <u>Gray</u> forecloses such a narrow analysis.

Finding a <u>Bruton</u> violation where Roan's confession was redacted to refer to Logan as "another individual" or "the other individual" is consistent with recent decisions of other circuits. "Clearly, the use of [the defendant]'s confession with the word 'another' in place of [the codefendant]'s name falls within the class of statements described in <u>Gray</u> as violative of <u>Bruton</u>." <u>United States v. Eskridge</u>, 164 F.3d 1042, 1044 (7th Cir. 1998); <u>see</u> <u>also</u> <u>United States v. Peterson</u>, 140 F.3d 819, 822 (9th Cir. 1998) (holding <u>Bruton</u> violation occurred where defendant's confession was redacted to refer to codefendant as "person X" because defendant was clearly "pointing an accusatory finger at someone and it was not difficult for the jury to determine that that person was the other defendant on trial").

<u>Marsh</u> teaches that when <u>Bruton</u> issues loom, an acceptable way to reconcile preference for joint trials with <u>Bruton</u>'s constitutional mandate is to simply remove all reference to the codefendant in the defendant's confession. <u>See</u> <u>Marsh</u>, 481 U.S. at 211. I adhere to this approach.[4]

---

[4]The government argues that such a policy would inevitably result in skewed evidence. However, it must be remembered that but for the joint trial, the evidence would not be admitted in the codefendant's trial at all. Thus, to the extent the evidence

This case presents a clear <u>Bruton</u> violation. I continue to believe that the error in admitting Roan's confession was not harmless, for the reasons stated in the panel opinion. <u>See</u> <u>United States v. Al-Muqsit</u>, 191 F.3d 928, 943-45. I would reverse Logan's convictions for robbery and for use and carrying of a firearm in a crime of violence and remand for resentencing on the remaining convictions. Accordingly, I respectfully dissent.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

is skewed, it is skewed so as to remain constitutionally admissible. If the government finds such a circumstance untenable, it can opt to try the defendants separately. The preference for judicial efficiency may not extend so far as to trample a defendant's constitutional right to confront his accusers.