# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3078

_____

| | | |
|---|---|---|
| Richard Dale Hoon, | * | |
| | * | |
| Petitioner/Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| State of Iowa, | * | Southern District of Iowa. |
| | * | |
| Respondent/Appellant, | * | |
| | * | |
| John F. Ault, Warden, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted:  May 13, 2002

Filed:  December 19, 2002

_____

Before WOLLMAN, BRIGHT, and JOHN R. GIBSON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

The State of Iowa appeals from the district court's grant of Richard Dale Hoon's petition for writ of habeas corpus. We reverse and remand with directions to dismiss the petition.

# I.

On October 22, 1994, three men robbed Ailleen Foley in her Davenport, Iowa home. The men knocked at Foley's door, and when she answered the door they violently threw open the storm door and two of them entered the house. One of the men threatened Foley with a sawed-off shotgun while the other searched the house. After taking her purse, which contained, among other things, Foley's rosary and rosary case, they left. The men wore masks made of maroon cloth that covered their noses and mouths but left their eyes exposed.

There were no developments in the case until February 1, 1995, when Davenport Police met Timothy Caskey at a Davenport motel. Caskey had Foley's rosary and rosary case in his possession at the time. Later that day, Caskey confessed to the robbery, stating that he and David Carney were the two men who entered Foley's house and that Carney threatened Foley with the shotgun while Caskey searched the house. Caskey told the detectives that on the evening of the robbery he and his then girlfriend, Chandra Wilson, were on the levee near a river boat. They were later joined by two of Caskey's friends. After taking Ms. Wilson to her home, Caskey returned to the levee, where he again met up with the two friends. The three men then drove around the city looking for someone to rob. After seeing the elderly Mrs. Foley sitting near the picture window in her home, the three decided that she would be a suitable victim. In subsequent photo arrays, at deposition, and at trial, Foley identified Hoon and Caskey as the men who entered her house.

Caskey and Hoon were tried jointly. Hoon's attorney and the prosecutor agreed that the prosecutor would admit Caskey's confession through the testimony of two police detectives, but that they would not mention Hoon's name. When the detectives testified regarding Caskey's confession, they used words such as "the other individual" or "the other subject" in place of Hoon's name. They testified, among other things, that Caskey stated that he and two other individuals met on a levee near

Davenport and planned the crime, that they stole a maroon Chevrolet Malibu, that the three of them drove around in the Malibu looking for someone to rob, and that they used the headliner of the car to make masks. While the detectives never mentioned Hoon's name in their testimony, they stated that Caskey identified Carney as one of the other men.

Caskey's confession was verified at trial in several ways. First, when the Malibu was recovered, Foley's ATM card was recovered from beneath the front seat. Second, Caskey had Foley's rosary and rosary case in his possession. Third, Chandra Wilson testified that Caskey, Carney, and Hoon had met on the levee earlier in the evening and that Carney had driven away in a maroon Malibu.

The Iowa Court of Appeals held that Hoon's counsel was ineffective for failing to object to the admission of Caskey's confession. The state court held that allowing the detectives to replace Hoon's name with "the other individual" while other evidence in the case identified Hoon as that individual violated Bruton v. United States, 391 U.S. 123 (1968). The state court also held, however, that Hoon suffered no prejudice from this failure because there was sufficient additional evidence to convict him. Following the state court's ruling, Hoon filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court held that the state court's finding of no prejudice was an unreasonable application of federal law and granted the writ. The state now appeals.

## II.

The sole issue we must decide is whether the district court properly concluded that the holding of the Iowa Court of Appeals that Hoon's counsel's failure to object to the admission of Caskey's confession did not amount to ineffective assistance of counsel was an unreasonable application of federal law. Because we conclude that

the district court failed to give appropriate deference to the state court's finding that Hoon suffered no prejudice as a result of his counsel's error, we reverse.

We review the district court's legal conclusions de novo and its findings of fact for clear error. Hadley v. Groose, 97 F.3d 1131, 1134 (8th Cir. 1996).

In ruling on a petition for habeas corpus, the scope of a federal court's review of a state court's decision is extremely limited. As the Supreme Court recently stated, "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 122 S. Ct. 1843, 1849 (2002). A federal court may grant a writ of habeas corpus to a state prisoner if the state court's decision was either (1) contrary to, or (2) an unreasonable application of federal law as determined by the Supreme Court. Siers v. Weber, 259 F.3d 969, 972 (8th Cir. 2001); 28 U.S.C. § 2254(d)(1). Hoon does not claim that the Iowa state court's decision was contrary to clearly established federal law, but maintains that the state court unreasonably applied federal law to his case. The focus under the unreasonable application test is "whether the state court's application of clearly established federal law is objectively unreasonable." Bell, 122 S. Ct. at 1850. The Supreme Court has repeatedly cautioned that an unreasonable application is different from an incorrect one. Id.; Williams v. Taylor, 529 U.S. 362, 409 (2000).

The clearly established federal law to be applied in Hoon's case is found in Strickland v. Washington, 466 U.S. 668 (1984). To show his counsel was ineffective under the Strickland standard, Hoon must show that his attorney's performance was deficient and that he suffered prejudice as a result. Siers, 259 F.3d at 974 (citing Strickland, 466 U.S. at 687). We need not inquire into the effectiveness of counsel, however, if we determine that no prejudice resulted from counsel's alleged deficiencies. Strickland, 466 U.S. at 697; Siers, 259 F.3d at 974. To show prejudice,

Hoon would have to show that "there is a reasonable probability that but for counsel's unprofessional errors, the result . . . would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Siers, 259 F.3d at 974 (quoting Strickland, 466 U.S. at 694). In evaluating the probability of a different result, the court must consider the totality of the evidence. Id.

The Iowa Court of Appeals did not engage in a lengthy discussion of its prejudice analysis in its opinion. After citing Iowa Supreme Court decisions that set forth the prejudice standard announced in Strickland, the court said:

> Despite the fact that error was not properly preserved with respect to the testimony given by the police detectives . . . we conclude that there was no prejudice entitling Hoon to a new trial on the robbery and burglary charges. There was enough other evidence in the record that would convict Hoon of these crimes.

Presuming, as do we, that the Iowa Court of Appeals based its finding of no prejudice upon a correct application of the Strickland standard, the district court concluded that the finding of no prejudice was unreasonable, concluding that if Caskey's confession were properly redacted by removing all references to the existence of a third person,[1] the confession would no longer implicate Hoon at all. The case would then come down to an evaluation of the credibility of the testimony

---

[1]We note that the district court's analysis of the necessary redactions appears to follow the dissent in United States v. Logan, 210 F.3d 820 (8th Cir. 2000) (en banc). The majority in Logan stated that "there is no violation where the confession implicates the defendant only when linked to other evidence." Id. at 822 (internal quotation omitted). Thus, it appears that the only Bruton violation in Hoon's trial under our precedent was the failure to provide a limiting instruction, not the failure to delete all references to Hoon's existence from the confession. Id. at 822-23. We need not decide how Logan applies to this case, however, because even under the district court's view of the proper redactions, the state court's decision that Hoon suffered no prejudice was reasonable.

given by Caskey, who claimed the other man in the house was Carney, and that given by Foley, who identified Hoon as the other man. The district court held that "different juries could reasonably disagree on the question," and that therefore there was a reasonable probability that if Hoon's counsel had objected to the introduction of Caskey's confession, Hoon would have been acquitted.

The district court may have been correct that a jury could have found Caskey more credible than Foley and therefore chosen to believe that Carney was the other man in the house, but that alone is not sufficient to overturn the state court's decision. In order to succeed, Hoon

> must do more than show that he would have satisfied <u>Strickland</u>'s test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied <u>Strickland</u> incorrectly. Rather, he must show that the [Iowa] Court of Appeals applied <u>Strickland</u> to the facts of his case in an objectively unreasonable manner.

<u>Bell</u>, 122 S. Ct. at 1852 (internal citation omitted). Here, even though the district court acknowledged the proper standard of review established in <u>Williams</u>, it did not give the state court's ruling proper deference, but appears to have granted the petition based only on a difference "in its opinion of [the properly redacted confession's] probable effect on the outcome." <u>Siers</u>, 259 F.3d at 975; <u>see also</u> <u>Evans v. Rogerson</u>, 223 F.3d 869, 871 (8th Cir. 2000) ("the district court put its own spin on the facts and disregarded [the state court's] reasonable view of them").

Under AEDPA, we must give substantial deference to the state court's analysis of the evidence, and the fact that evidence exists that might lead us to a different conclusion is not sufficient for us to conclude that the Iowa court's application of the

Strickland attorney-performance standard was objectively unreasonable. Accordingly, the district court should not have granted the habeas petition.

The judgment is reversed, and the case is remanded to the district court with directions to dismiss the petition.

BRIGHT, Circuit Judge, dissenting.

I respectfully dissent. When you ask the wrong question, you get a wrong answer. I think the majority here has done just that in agreeing with the Iowa Court of Appeals and reversing the thoughtful and incisive opinion of the federal district judge.

The majority adopts the same question for review as the Iowa court, namely whether Richard Dale Hoon showed that "there is a reasonable probability that but for counsel's unprofessional errors, the result . . . would have been different." Slip Op. at 5 (citing Siers v. Weber, 259 F.3d 969, 974 (8th Cir. 2001)). Both conclude that no prejudice existed because "[t]here was enough other evidence in the record that would convict Hoon of these crimes." (J.A. at 168.)

The majority here reverses the district court on the ground that "the district court failed to give appropriate deference to the state court's finding that Hoon suffered no prejudice as a result of his counsel's error." Slip Op. at 4. I believe that the majority applied an incorrect standard. The standard is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." See Strickland v. Washington, 466 U.S. 668, 694 (1984) (cited in Hoon v. State, No. 4-99-CV-90578 (Ia. 2001), J.A. at 224). A reasonable probability is less than a preponderance. See Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Therefore, I believe the standard is not the "could have convicted" standard used by the majority, but rather the question to be answered from

the record is whether the Iowa Court of Appeals unreasonably concluded that a complete redaction of Hoon's co-defendant's confession did not create a reasonable likelihood that the jury would find reasonable doubt as to Hoon's guilt.

The district court undertook the correct inquiry, and considered what the evidence would look like absent trial counsel's deficient performance. The district court undertook the analysis as set out in Strickland:

> When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt. . . .
>
> In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. *Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect.* . . . Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

Strickland, 466 U.S. at 695-96 (emphasis added).

Here, the federal district court determined that, had Hoon's counsel made sure Timothy Caskey's confession was correctly redacted, under Iowa law the confession could not have even mentioned the existence of the third person (Hoon). In addition, the court would have been required to issue a limiting instruction to the jury. These changes would indeed appear to "alter[] the entire evidentiary picture." Id. at 696. The district court, following Strickland's dictates, noted what evidence was untouched by the change and what evidence was altered. After redacting Caskey's

confession to include no reference to Hoon, Ailleen Foley's testimony that Caskey and Hoon were the two intruders would be directly inconsistent with Caskey's statement that he and David Carney (with no mention of a third person) were the intruders. In addition, the jury would be instructed that Caskey's confession, which did not mention the existence of a third intruder, could not be used against Hoon.

The federal district court noted Foley's apparent confusion over who was the gunman, her several statements that she did not get a good look at the non-gunman, and her statements implying fear and anxiety during the break-in, would cast some doubt on her credibility. The court determined that the credibility battle between Caskey's confession and Foley's testimony, along with the jury instruction that the confession should not have been used against Hoon, was sufficient to create a reasonable probability that a jury would have reasonable doubt as to Hoon's guilt. (J.A. at 226.) Therefore, the district court properly concluded that there was a reasonable probability that Hoon would have been acquitted absent the violation, thereby showing prejudice.

I agree with the district court that the Iowa court was unreasonable in concluding that correcting for the <u>Bruton</u> violation does not "undermine confidence in the outcome" of the trial. Therefore, the <u>Strickland</u> requirements have been met here. I am mindful of the deference due a state court under the unreasonable standard, but I think the state court here unreasonably applied federal law.

Therefore, I respectfully dissent and would affirm the district court's decision.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-9-