# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1190

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court for the |
| | * | Southern District of Iowa. |
| Jack Leroy Goody, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: June 17, 2004
Filed: July 23, 2004

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and RILEY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Jack Leroy Goody pleaded not guilty to a charge of conspiring to manufacture and to distribute methamphetamine and then moved to suppress evidence seized during the execution of a search warrant on his property. The district court granted the motion based primarily on its conclusion that probable cause to issue the warrant was lacking because the information in the affidavit supporting the warrant was stale. The government appeals the grant of the motion to suppress. We reverse.

On May 1, 2003, Officer Chris Akers applied for and received a search warrant for Mr. Goody's home and various adjacent outbuildings. Officer Akers's affidavit

supporting the application contained incriminating information about Mr. Goody. According to the affidavit, a witness who manufactured methamphetamine with a man named Scott Tucker until early 2001, stated that he observed Mr. Tucker provide methamphetamine to Mr. Goody. The affidavit also asserted that one Joseph Finke had stated both that he and Mr. Tucker manufactured methamphetamine in an outbuilding on Mr. Goody's property during the summer of 2001 and that Mr. Tucker "cooked" methamphetamine at this location about one or two times per week; Mr. Finke added that Mr. Goody was aware of the operation and had helped to build a separate room in the outbuilding that had a fan to remove fumes during the manufacturing process. Officer Akers also attested that surveillance of Mr. Tucker in August, 2002, and April, 2003, revealed that on the very day that he purchased items used to manufacture methamphetamine he later went to Mr. Goody's property.

Noting that the affidavit included a statement by Mr. Finke that he had stopped "associating" with Mr. Tucker in January, 2002, the district court found that Mr. Finke therefore did not know whether any methamphetamine had been manufactured in the outbuilding since that date. Based on the sixteen-month interval between January, 2002, and May, 2003 (the date that the search warrant was issued), the district court concluded that the information about criminal activity on the Goody property was stale. Before determining that probable cause did not exist, the district court also considered the information gathered during surveillance but found it unpersuasive because the affidavit did not say specifically that Mr. Tucker entered the same outbuilding or took the methamphetamine precursors out of his vehicle when he went to the Goody property in August, 2002, and April, 2003. Using essentially the same reasoning, the district court ruled that the affidavit was so lacking in probable cause that the so-called good-faith exception to the warrant requirement set forth in *United States v. Leon*, 468 U.S. 897, 922-26 (1984), did not apply.

We review the district court's factual findings for clear error. *United States v. Hessman*, 369 F.3d 1016, 1019 (8th Cir. 2004). We review *de novo* the district court's determination as to whether the fourth amendment was violated and its application of the *Leon* good-faith exception. *Id.*

We are inclined to believe that the evidence in the affidavit supporting the application for the warrant was not stale, and that the warrant was therefore issued on probable cause. In any event, we hold that under *Leon*, the evidence should not be suppressed because the executing officers' reliance on the search warrant was objectively reasonable.

Under *Leon*, 468 U.S. at 922, evidence obtained pursuant to an invalid search warrant should not be excluded if the officers who executed it relied with objective good faith "on the issuing magistrate's probable-cause determination." An officer's objective good faith is determined by asking "whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Id.* at 922 n. 23. If a warrant is "based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable,' " an officer's reliance on the warrant cannot have been in good faith. *Id.* at 923 (quoting *Brown v. Illinois,* 422 U.S. 590, 610-11 (1975) (Powell, J., concurring in part)).

In this case, we see nothing to indicate that the officers did not act with objective good faith on the magistrate's probable-cause determination. The primary basis upon which Mr. Goody alleges a lack of good faith is the time that elapsed between Mr. Finke's participation in manufacturing methamphetamine on his property and the issuance of the search warrant. Considering the information in the affidavit already rehearsed, including the statements placing Mr. Tucker on Mr. Goody's

property in suspicious circumstances during the sixteen-month interval, we detect no error or deficiency in the affidavit that is sufficiently glaring to establish a lack of good faith.

We realize that "[g]ood faith is not a magic lamp for police officers to rub whenever they find themselves in trouble," *United States v. Reilly*, 76 F.3d 1271, 1280 (2d Cir. 1996), and that the exception is inapplicable in certain circumstances, *Leon*, 468 U.S. at 922-23. We believe, however, that the exception is available in the circumstances presented here. We therefore reverse the district court's order granting the motion to suppress.

_____