# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1095

_____

Stefan Koda Williams,               *
                                              *

           Petitioner-Appellant,    *

                                              *     Appeal from the United States
      v.                          *     District Court for the
                                              *     Western District of Missouri.

Kelly Locke,                 *
                                              *

           Respondent-Appellee.    *

_____

Submitted:  October 29, 2004
Filed:   April 14, 2005

_____

Before MURPHY, HANSEN, and RILEY, Circuit Judges.

_____

HANSEN, Circuit Judge.

Stefan Koda Williams, a Missouri inmate, appeals the district court's[1] denial of his application for a writ of habeas corpus, 28 U.S.C. § 2254 (2000). We affirm the judgment of the district court.

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

I.

On January 20, 1998, police received a "Crimestoppers"[2] tip that Williams was selling crack cocaine from his Columbia, Missouri, apartment and that Williams had just received a large shipment of cocaine. After receiving the Crimestoppers tip, Officer Himmel confirmed that the address and vehicle reported in the tip were in fact being used by Williams. Officer Himmel also spoke with other officers who told him that they suspected ongoing narcotics activity at 2621 Quail Drive. A few days later, Officer Michael Himmel filed an application and supporting affidavit for a search warrant. In addition to the information provided in the tip, the affidavit indicated the following: (1) Williams lived at 2621 Quail Drive, Apartment C, with a woman named Kaylicia Patrick; (2) Williams drove a green Pontiac; (3) Williams had prior arrests for drug-related offenses and was suspected of ongoing drug activity; (4) there were two narcotics-related cases pending against Williams in Boone County, Missouri; (5) in January 1997, Williams sold cocaine to an informant in a controlled buy; (6) in September 1997, an informant told officers that Williams was selling crack cocaine from his apartment on Quail Drive; and (7) on September 16, 1997, Williams was arrested for narcotics violations.

A Missouri state court judge issued a search warrant which officers executed on January 23, 1998. The officers seized one bag of a substance later determined to be crack cocaine, an electronic scale, a police scanner, and $2,000 in cash. Williams's retained trial counsel filed a motion to suppress the evidence. The motion was based on the argument that only "innocent portions" of the anonymous tip were corroborated by the police officers. Therefore, Williams argued, the search warrant was not supported by probable cause. The trial court denied the motion. During Williams's trial in July 1998, no objection was made to the admission of the evidence

---

[2]Crimestoppers is a hotline used by police to receive anonymous tips from community members.

seized during the search. A state court jury convicted Williams of drug trafficking in the second degree, and Williams was sentenced to 18 years of imprisonment.

Represented by a state court-appointed public defender on direct appeal, Williams again argued that there had not been probable cause to support the search warrant. Because no objection had been made to the admission of the evidence during trial, the Missouri Court of Appeals did not review the pretrial denial of the motion to suppress, but instead reviewed the admission of the evidence challenged at trial for plain error, and the court found none. State v. Williams, 9 S.W.3d 3, 12-17 (Mo. Ct. App. 1999). The Supreme Court of Missouri denied a motion for a transfer of the direct appeal.

Williams then filed a motion for state postconviction relief, pursuant to Mo. R. Civ. P. 29.15. In the motion, he argued that he had received the ineffective assistance of trial counsel due to counsel's failure to object to the admission of the evidence seized in the search. The state motion court denied relief, holding that the finding of no plain error on direct appeal supported a finding of no prejudice under the standard for the ineffective assistance of counsel announced in Strickland v. Washington, 466 U.S. 668 (1984). The Missouri Court of Appeals affirmed the denial of postconviction relief, Williams v. State, 73 S.W.3d 709 (Mo. Ct. App. 2002), and denied a motion for rehearing and a motion to transfer the appeal of his postconviction relief motion. The Supreme Court of Missouri also denied Williams's motion to transfer the postconviction appeal.

In April 2003, now represented by different counsel, Williams filed a 28 U.S.C. § 2254 application for a writ of habeas corpus in federal court. Williams argued that: (1) the trial court's refusal to grant his motion to dismiss counsel, made on the day of trial, was error; (2) probable cause did not exist to support the issuance of the search warrant; (3) it was error for the Missouri Court of Appeals to refuse to give him additional time to file motions for rehearing to assert newly issued authority by the

Supreme Court of Missouri; and (4) he received the ineffective assistance of counsel at trial because his counsel failed to object to the admission of the evidence seized pursuant to the search warrant.

The district court denied the application for habeas relief. The court held that: (1) it was not unreasonable for the Missouri Court of Appeals to conclude that the trial court had not abused its discretion in denying the motion to dismiss counsel; (2) Williams's Fourth Amendment claim was not cognizable in a federal habeas proceeding because he had had an opportunity to litigate the claim in state court; (3) no federal right was implicated in the alleged procedural irregularity surrounding the appeal of his postconviction motions in state court; and (4) that it was not unreasonable for the state court to conclude that Williams had not received the ineffective assistance of counsel.

In concluding that the state court did not unreasonably apply federal law in determining that Williams had not received the ineffective assistance of counsel, the district court conducted an independent review of the record before denying habeas relief. The district court stated that "[a] warrant was obtained, so the question at hand is not whether there was probable cause *vel non*, but rather whether the officers acted in good-faith reliance on the warrant." (Appellant's Add. at 12.) The court held that "even if probable cause was lacking (an issue the court need not and does not decide), the evidence would not have been suppressed" because the officers had acted in good-faith reliance on the warrant. (Id. at 15.) The district court granted a certificate of appealability on the issue of whether there was the ineffective assistance of trial counsel.

II.

Pursuant to 28 U.S.C. § 2254(d), federal courts shall not grant an application for a writ of habeas corpus on behalf of a person convicted in a state court unless the state court decision:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Jones v. Luebbers, 359 F.3d 1005, 1011 (8th Cir.), cert. denied, 125 S. Ct. 670 (2004). A state court decision is "contrary to" clearly established federal law, as stated by the Supreme Court of the United States, where "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000); Jones, 359 F.3d at 1011. Furthermore, a state court makes an unreasonable application of clearly established federal law, as stated by the Supreme Court of the United States, "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. We review for clear error the district court's factual findings, and we review de novo its conclusions of law. Evans v. Luebbers, 371 F.3d 438, 441 (8th Cir. 2004), cert. denied, 125 S. Ct. 902 (2005).

The sole issue before this court[3] is whether the state court's judgment that Williams did not receive the ineffective assistance of counsel was contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. In order to show that he received the ineffective assistance of trial counsel, Williams was required to show that his trial lawyer's

_____

[3]We do not address several of the arguments that Williams's attorney makes on appeal because they are issues for which Williams did not obtain a certificate of appealability. See Harris v. Bowersox, 184 F.3d 744, 748 (8th Cir. 1999) (limiting issues on review of denial of motion for habeas relief to those issues specified in certificate of appealability), cert. denied, 528 U.S. 1097 (2000).

performance was deficient and that Williams's defense was prejudiced as a result. Harris, 184 F.3d at 756. However, we need not ask whether Williams's trial lawyer's performance was deficient if we can clearly determine that no prejudice resulted from his trial lawyer's alleged error. Strickland, 466 U.S. at 697; Hoon v. Iowa, 313 F.3d 1058, 1061 (8th Cir. 2002). Generally, prejudice is shown if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Hall v. Luebbers, 341 F.3d 706, 719 (8th Cir. 2003) (quoting Strickland, 466 U.S. at 694); see also Strickland, 466 U.S. at 695 ("When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."). Because the trial lawyer's purported failure to effectively litigate a Fourth Amendment claim is the "principal allegation of ineffectiveness," the "prejudice" prong requires Williams to demonstrate "that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." Kimmelman v. Morrison, 477 U.S. 365, 375 (1986).

Williams has not demonstrated prejudice because, considering the totality of the evidence, Strickland, 466 U.S. at 695, he has not presented a meritorious Fourth Amendment claim. Even if the search warrant were deemed invalid, we agree with the district court that the executing officers acted in good-faith reliance on the warrant, and therefore the search was valid pursuant to the good-faith exception to the exclusionary rule. See United States v. Leon, 468 U.S. 897 (1984). Under the rule established in Leon, "evidence obtained pursuant to an invalid search warrant should not be excluded if the officers who executed it relied with objective good faith on the issuing magistrate's probable-cause determination." United States v. Goody, 377 F.3d 834, 836 (8th Cir. 2004)(internal marks omitted); see also Leon, 468 U.S. at 922-23. A court determines whether an officer acted in objective good faith by asking "whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization." Leon, 468 U.S. at 922 n.23; see

also <u>Goody</u>, 377 F.3d at 836. In the present case, the officers had knowledge of numerous facts that supported a good-faith belief that the search warrant was in fact based on probable cause. The officers were aware of Williams's prior drug-related offenses and they suspected him of ongoing drug activity. Officer Himmel had confirmed that Williams was in fact using the address and the vehicle reported in the tip. In addition, the officers were aware that Williams previously sold drugs to police informants and that there were two pending narcotics cases against Williams in Boone County. Given these facts, we conclude that the warrant and affidavit were not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." <u>Goody</u>, 377 F.3d 836 (internal marks and citation omitted).

III.

Because the state court decision that Williams was not denied the effective assistance of counsel was not contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, we affirm the judgment of the district court.

_____