# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-4035

_____

United States of America,⠀⠀⠀⠀⠀⠀*
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀*
⠀⠀⠀⠀⠀⠀⠀⠀⠀Appellee,⠀⠀*
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀*
⠀⠀⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀*
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀*
Rita Louise Villiard,⠀⠀⠀⠀⠀*
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀*
⠀⠀⠀⠀⠀⠀⠀⠀⠀Appellant.⠀*
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀*

⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Appeals from the United States
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀District Court for the
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀District of Minnesota.

_____

No. 98-4039

_____

United States of America,⠀⠀⠀⠀⠀⠀*
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀*
⠀⠀⠀⠀⠀⠀⠀⠀⠀Appellee,⠀⠀*
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀*
⠀⠀⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀*
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀*
Scott Alexander Blacketter,⠀⠀*
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀*
⠀⠀⠀⠀⠀⠀⠀⠀⠀Appellant.⠀*
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀*

_____

Submitted:  May 11, 1999

Filed:  July 28, 1999
_____

Before McMILLIAN, HEANEY, and FAGG, Circuit Judges.
_____

HEANEY, Circuit Judge.


Rita Louise Villiard and Scott Alexander Blacketter appeal their convictions and sentences on charges arising from the robberies of two credit unions.  We affirm Villiard's convictions and sentence, and Blacketter's conspiracy conviction.  We reverse Blacketter's armed robbery conviction.

On January 7 and January 27, 1998, two individuals robbed the Duluth Federal Employees Credit Union in Duluth, Minnesota and the Cloquet Co-Op Credit Union in Cloquet, Minnesota, respectively.  Following the confession of Ryan Bedord, a search warrant was issued for Villiard's residence and vehicle.

According to the testimony of Bedord, who pleaded guilty to one count of conspiring to rob a credit union, Villiard recruited Blacketter and Bedord for the Duluth robbery.  Bedord testified that he and Blacketter entered the credit union, that Blacketter carried a pistol provided by Villiard in a fanny pack, and that Villiard drove the getaway car.  Bedord also testified that he and Villiard carried out the Cloquet robbery, and that Villiard carried a pistol and demanded cash from a teller at gunpoint.  Villiard was convicted of conspiring to rob a credit union, armed robbery of the Cloquet credit union, and use of a firearm in that robbery.  Blacketter was convicted of conspiring to rob a credit union and armed robbery of the Duluth credit union.

2

Villiard contends the district court should have granted her suppression motion, both because the FBI agent's affidavit reciting information provided by Bedord failed to establish probable cause, and because the executing officers seized evidence not specifically enumerated in the search warrant. We disagree. The detailed nature of Bedord's information and the corroboration noted by the FBI agent sufficed to establish, under the totality of the circumstances, a fair probability that evidence of a crime would be found. See United States v. Gibson, 123 F.3d 1121, 1124 (8th Cir. 1997) (defining probable cause); see also Illinois v. Gates, 462 U.S. 213, 233-34 (1983) (rejecting rigid two-prong analysis of veracity and basis of knowledge in favor of flexible analysis of reliability under totality of circumstances). Furthermore, the items cited by Villiard as being outside the scope of the warrant were either similar to items described in the warrant or immediately apparent as incriminating, and therefore properly seized under the plain view exception, see Horton v. California, 496 U.S. 128, 136-37 (1990).

Villiard contends the district court abused its discretion in denying her motion for severance. However, the general rule is that co-conspirators may be tried together, see United States v. Wint, 974 F.2d 961, 965 (8th Cir.), cert. denied, 506 U.S. 1062 (1992), and we find no circumstances that warrant departure from the general rule. As to the district court's refusal, after conducting a hearing under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592 (1993), to admit expert testimony concerning the reliability of eyewitness identifications, "we are 'especially hesitant to find an abuse of discretion [in denying expert eyewitness identification testimony] unless the government's case against the defendant rested exclusively on uncorroborated eyewitness testimony.'" United States v. Kime, 99 F.3d 870, 885 (8th Cir. 1996) (quoting United States v. Blade, 811 F.2d 461, 465 (8th Cir.), cert. denied, 484 U.S. 839 (1987)). There was no such abuse of discretion in this case.

Villiard's final arguments concern her sentence. She argues the district court erred in assessing a two-level increase to her offense level under U.S. Sentencing

3

Guidelines Manual § 3B1.1(c) (1998) for her role as an organizer or leader. Our review of the record indicates the district court's factual finding on this point was not clearly erroneous. See United States v. Pitts, 173 F.3d 677, 681 (8th Cir. 1999) (standard of review for imposition of § 3B1.1(c) increase). Villiard also contends her conviction on the conspiracy count--which encompassed both the Duluth and Cloquet robberies--must be read to implicate her in the Cloquet robbery alone, because the jury acquitted her of the armed robbery in Duluth. Thus, she argues the conspiracy conviction and the armed robbery encompass the same victim and transaction and should be grouped together under § 3D1.2(a). However, it is not inconsistent for a jury to convict a defendant of conspiring to commit a crime, yet acquit the defendant of committing that same crime. Moreover, even if there was an inconsistency, we decline to attempt to decipher the significance of inconsistent verdicts. See United States v. Whatley, 133 F.3d 601, 606 (8th Cir.) (only question raised by inconsistent verdicts is whether evidence is sufficient to support conviction), cert. denied, 118 S. Ct. 2347 (1998).

Turning to Blacketter's arguments, we first conclude that because, as discussed above, the district court did not abuse its discretion in declining to sever the trial, and because inconsistent verdicts do not, without more, warrant relief, the district court properly denied Blacketter's motion for a new trial on these grounds. The district court also properly refused Blacketter's proposed jury instruction about accomplice testimony. See United States v. Tucker, 169 F.3d 1115, 1119 (8th Cir. 1999) (unless it is incredible or insubstantial on its face, accomplice testimony is sufficient to support conviction, and trial court is not obliged to instruct jury to consider uncorroborated accomplice testimony with caution). As to the sufficiency of the evidence, upon careful review of the record we are satisfied that the evidence viewed in the light most favorable to the government was sufficient to enable the jury to find the elements of conspiracy beyond a reasonable doubt; thus, the district court did not err in denying Blacketter's motion for a judgment of acquittal. See United States v. French, 88 F.3d 686, 687-88 (8th Cir. 1996).

However, we agree with Blacketter that the evidence was insufficient to allow a reasonable jury to find he committed armed robbery of a credit union, in violation of 18 U.S.C. § 2113(d). A person commits armed robbery under § 2113(d) if they "put[] in jeopardy the life of any person by the use of a dangerous weapon or device." The only trial evidence concerning the use of a weapon in the Duluth robbery was the testimony of Bedord. Bedord testified that Blacketter had been wearing a fanny pack which contained the pistol supplied by Villiard. He further testified that Blacketter was "digging" in the fanny pack with his hands before demanding money from the teller:

> A: [T]hen I looked at [Blacketter], because he was digging in the [waist] bag.
> Q: Let me stop you there. Scott was wearing a fanny pack?
> A: Yes.
> Q: What was in that fanny pack?
> A: A gun.
> Q: How do you know it was in there?
> A: Because I saw him put it in there.
> Q: So he was digging in that fanny pack?
> A: Yes.

Tr. Vol. I at 95.

Bedord's testimony does not support a conclusion that Blacketter *used* a gun in the commission of the robbery, but merely demonstrates that he *possessed* the gun. Our analysis on this point is guided by the Supreme Court's interpretation of the term "use" in the context of 18 U.S.C. § 924(c) to require a showing of "active employment." See Bailey v. United States, 516 U.S. 137, 144 (1996); see also United States v. Jones, 84 F.3d 1206, 1211 (9th Cir. 1996) (applying Bailey's definition of "use" to § 2113(d)).

5

In response to our query on this issue at oral argument, the government points to a portion of the bank's surveillance video viewed by the jury, which it insists shows Blacketter with his hand in the fanny pack "in a menacing fashion." The government compares this to cases involving a robber with his hand under his coat or in his pocket. See United States v. Smith, 973 F.2d 1374, 1377 (8th Cir. 1992); United States v. Amos, 566 F.2d 899, 901 (4th Cir. 1977); United States v. Johnston, 543 F.2d 55, 56-57 (8th Cir. 1976); United States v. Harris, 530 F.2d 576, 579 (4th Cir. 1976). In these cases, the defendant's action suggesting the possession of a weapon was judged sufficient to prove the robbery was accomplished by intimidation under 18 U.S.C. § 2113(a). However, these cases are inapposite; the issue here is not whether the robbery was accomplished by intimidation, but whether the defendant used a dangerous weapon under § 2113(d).

Bailey explains that a gun is "used" where an offender's reference to or suggestion of a firearm is "calculated to bring about a change in the predicate offense." See Bailey, 516 U.S. at 148. Here, there is no evidence that Blacketter referred to his possession of a weapon or suggested through his actions to those present at the credit union that he had a firearm so as to bring about a change in the predicate robbery. Nothing in the record--including still pictures from a surveillance video viewed by jurors--suggests that Blacketter's actions in digging in the fanny pack or in keeping his hand in the fanny pack were directed at or even visible to those in the credit union aside from Bedord.

Although Blacketter's § 2113(d) conviction cannot be maintained, the evidence was sufficient to establish his guilt of violating § 2113(a) (robbery "by force and violence, or by intimidation"), a lesser included offense. Accordingly, we vacate Blacketter's conviction under § 2113(d), and remand for entry of judgment and resentencing under § 2113(a). See United States v. Cobb, 588 F.2d 486, 488-89 (8th Cir. 1977) (remanding for resentencing and entry of judgment under § 2113(a) where evidence was insufficient to support § 2113(d) conviction). The district court may well

find, by a preponderance of the evidence, see United States v. Johnson, 962 F.2d 1308, 1313 (8th Cir. 1992), that although Blacketter did not use a gun in the robbery, he nevertheless possessed a gun, and will therefore remain subject to the same Guidelines computation, see U.S. Sentencing Guidelines Manual § 2B3.1(a) & (b)(2)(c) (1998) (base offense level of 20 for robbery; 5-level increase where "dangerous weapon was brandished, displayed, or possessed"). However, that is a question the district court must now visit anew.

Accordingly, we affirm Villiard's convictions and sentence, and Blacketter's conspiracy conviction. We vacate Blacketter's armed robbery conviction, and remand to the district court for modification of the judgment to reflect conviction under 18 U.S.C. § 2113(a) and for resentencing.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.