# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 01-3691

_____

United States of America,

        Appellee,

v.

Roxanne Marie Abfalter,

        Appellant.

_____

No. 02-1130

_____

United States of America,

        Appellee,

v.

Michael Travis Williams,

        Appellant.

Appeals from the United States
District Court for the District of
Minnesota.

_____

Submitted: May 12, 2003

Filed: August 22, 2003

_____

Before MORRIS SHEPPARD ARNOLD, HANSEN, and SMITH, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Following a jury trial in the district court,[1] Roxanne Abfalter and Michael Williams were convicted on a number of charges relating to their conspiracy knowingly to make false statements in the papers that accompany the purchase of a firearm. For the reasons expressed below, we affirm.

I.

Ms. Abfalter argues first that a prejudicial variance between the government's proof at trial and the indictment occurred when the government altered its theory of guilt in its rebuttal closing arguments. "Whether a variance exists, and, if so, whether that variance prejudiced [Ms. Abfalter], are questions of law that we review de novo." *United States v. Stuckey*, 220 F.3d 976, 979 (8th Cir. 2000).

Over a period of about two months, Ms. Abfalter purchased multiple firearms from three sporting goods stores. Mr. Williams, who was a convicted felon and her boyfriend, was present at each of these purchases, often handling the firearms and negotiating the final sale price. With each purchase, Ms. Abfalter completed Bureau of Alcohol, Tobacco, and Firearms Form 4473, affirming that she was the actual buyer of the firearm.

After being arrested and given *Miranda* warnings, Mr. Williams confessed that it was his idea to have Ms. Abfalter purchase some of the firearms for him because he is a convicted felon, and that he had sold those guns for profit. The government indicted both Mr. Williams and Ms. Abfalter under 18 U.S.C. § 371 for conspiring

_____

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

knowingly to make false statements and representations with respect to Form 4473 in violation of 18 U.S.C. § 924(a)(1)(A) and to aid and abet each other in the receipt and possession of firearms by a prohibited person in violation of 18 U.S.C. § 922(g) and 18 U.S.C. § 2. The government also charged both Mr. Williams and Ms. Abfalter with aiding and abetting each other in making false statements in firearm transactions in violation of § 924(a)(1)(A) and § 2, charged Mr. Williams with being a felon in possession of a firearm in violation of § 922(g)(1), and charged Ms. Abfalter with aiding and abetting him in doing so in violation of § 922(g)(1) and § 2.

The alleged variance concerns Ms. Abfalter's false statements on several Form 4473s. The indictment recited, and it was the government's theory throughout trial, that the false statement at issue was that Ms. Abfalter was the "actual buyer" of the firearms, "whereas in truth and fact, [she] was purchasing the firearms with and for" Mr. Williams, thus acting as a "straw purchaser." During its rebuttal closing argument, the government stated, "how does she explain the ten or eleven subsequent transactions when she knew that those guns were being purchased for resale .... Those weapons were being purchased to be sold on the streets here in Minneapolis." Ms. Abfalter argues that the latter statement represents a variance from the indictment because it identifies the person for whom she was allegedly purchasing the firearms as the firearms' ultimate purchaser, rather than Mr. Williams.

"In determining whether a variance exists, we consider the totality of the circumstances, including the nature of the activities, the location and time frame in which the activities were performed, and the participants involved." *United States v. Morales*, 113 F.3d 116, 119 (8th Cir.1997). Having considered the totality of the circumstances, we conclude that there was no variance here. In the indictment and throughout the entire trial, the government's theory of the case was that Ms. Abfalter purchased guns for Mr. Williams to resell later on. Taken in context, the reference in the closing arguments to the resale of the firearms is completely consistent with the

theory that she was purchasing the guns, in the words of the indictment, "in truth and fact ... with and for" Mr. Williams.

Even if we were to hold that the rebuttal argument gave rise to a variance, we do not believe that it was prejudicial. "A variance that does not result in actual prejudice to the defendant is harmless error, and does not require reversal of the conviction." *Stuckey*, 220 F.3d at 979. Ms. Abfalter's only false-statement conviction pertained to the last purchase in the series with which she was charged, and that firearm was immediately taken into custody and thus never sold. We therefore do not believe that any reference by the government to resale purchases could possibly have affected the jury's determination of her guilt on that charge. Furthermore, because her false statement in the last purchase provided a sufficient basis for the jury's finding that she conspired knowingly to make a false statement (her only other conviction), we do not believe that the reference to resale purchases affected her conviction on that count either.

II.

Ms. Abfalter contends that the district court clearly erred when it did not award her a two-level downward adjustment for acceptance of responsibility. She maintains that she required the government to go to trial only out of fear that Mr. Williams's family would not take care of her children if she pleaded guilty instead.

Here, the district court was aware of Ms. Abfalter's situation regarding her children but found that she had consistently denied her factual guilt throughout the trial and therefore held that an adjustment for acceptance of responsibility was not warranted. We review a district court's findings of fact with respect to a denial of a motion for an acceptance-of-responsibility reduction for clear error, *see United States v. Newson*, 46 F.3d 730, 734 (8th Cir. 1995), but we review *de novo* the district court's interpretation of the United States Sentencing Guidelines and its application

of the guidelines to the facts of the case, *see United States v. Plenty*, No. 02-3971, 2003 WL 21523911, at *1 (8th Cir. July 8, 2003).

The guidelines provide that the adjustment for acceptance of responsibility "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt." U.S.S.G. § 3E1.1, comment. (n.2). "A defendant who has proceeded to trial may overcome this bar to a reduced sentence in the rare instance when the issues for trial did not relate to factual guilt," *United States v. Gonzalez-Rodriguez*, 239 F.3d 948, 954 (8th Cir. 2001), such as "raising an insanity defense, or claiming that one's conduct was constitutionally protected, or asserting that one's conduct did not fall within the ambit of the statute," *see United States v. Dyck*, No. 03-1308, 2003 WL 21498895, at *7 (8th Cir. Jul. 1, 2003).

At trial, Ms. Abfalter's defense to the false statement charges was that the first few firearms were purchased for home use (and that it was not a false statement for her to say that she was the buyer when the firearms were to be used in her home) and that the remaining guns were purchased for resale but that this was legal and did not mean that she was not the "actual buyer" in the first place. She implicitly argues that this defense is equivalent to an assertion that her conduct simply did not fall within the ambit of the statute.

We disagree. Ms. Abfalter never admitted to purchasing guns "with and for" Mr. Williams, and thus did not sufficiently stipulate to "guilty conduct eliminating factual elements of guilt or limiting trial to a constitutional or statutory challenge," which might warrant an adjustment for acceptance of responsibility. *See United States v. Field*, 110 F.3d 592, 594 (8th Cir. 1997). We thus conclude that the district court did not err in interpreting the guidelines or applying them to the facts at hand.

III.

Mr. Williams maintains first that the district court should have granted his motion for severance because Ms. Abfalter's defense was antagonistic to his. We will reverse the district court's decision to deny a severance only if the court abused its discretion, causing real prejudice to the defendant. *United States v. O'Meara*, 895 F.2d 1216, 1219 (8th Cir. 1990), *cert. denied*, 498 U.S. 943 (1990). A defendant can show real prejudice either by showing that his or her defense is irreconcilable with the co-defendant's defense "or that the jury will be unable to compartmentalize the evidence as it relates to separate defendants." *United States v. Gutberlet*, 939 F.2d 643, 645 (8th Cir. 1991). Defenses are deemed irreconcilable when they "so conflict that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other." *United States v. Jones*, 880 F.2d 55, 63 (8th Cir. 1989) (internal quotations omitted). "The mere existence of generally antagonistic defenses," however, "does not necessitate a severance." *Id.*

Mr. Williams simply denied that there was any evidence that he had ever "possessed" any of the firearms. Ms. Abfalter's defense, as we have said, was basically that the firearms were either for home usage or for resale but that both of these uses were legal and neither use meant that she was not the "actual buyer" in the first place.

We acknowledge that at first blush there appears to be a certain amount of tension between the two defenses, but a closer inspection reveals that this is not the case: Mr. Williams admitted to the police that Ms. Abfalter purchased some of the original firearms for home use but that the later purchases were for him to resell. While counsel for Mr. Williams attempted to cast doubt on the veracity of this admission as the trial progressed, he merely disputed the number of firearms that were resold. Overall, we construe Mr. Williams's defense at trial as simply an attempt to show that none of his actions constituted "possession" under the relevant law. We

thus conclude that the district court did not abuse its discretion in denying Mr. Williams's motion to sever.

## IV.

Mr. Williams argues next that the district court erred when it refused to suppress his confession to the police. He concedes that he waived his *Miranda* rights before providing the confession but argues that his waiver was not knowing and voluntary, because of his reduced mental capacity induced by marijuana and because of threats by the police that his children would be placed in foster care if he did not cooperate. The district court concluded that the confession was voluntary, specifically finding that Mr. Williams was not so impaired by his marijuana use as to render his confession unintelligent and that the police never attempted "to coerce Mr. Williams into waiving his Miranda rights with threats of placing his children in foster care." We review *de novo* the district court's determination that the confession was knowing and voluntary, but we review its underlying factual determinations for clear error. *See United States v. Mendoza*, 85 F.3d 1347, 1350 (8th Cir. 1996).

We find no clear error in the district court's determination that Mr. Williams had the capacity to waive his *Miranda* rights, as the record does not provide any indication that Mr. Williams did not understand "the nature of the right being abandoned and the consequences of the decision to abandon it," *see Moran v. Burbine*, 475 U.S. 412, 421 (1986); *cf. United States v. Makes Room for Them*, 49 F.3d 410, 414-15 (8th Cir. 1995). (Mr. Williams did not even testify at the suppression hearing.) We also find no clear error in the district court's determination that the police never attempted to threaten Mr. Williams with placing his children in foster care, because the context of the statements by the police officers referring to Mr. Williams's children and "foster care" reveals that they were not threats of any sort. *Cf. United States v. Jones*, 32 F.3d 1512, 1517 (11th Cir. 1994) (per curiam). We therefore hold that the district court did not err in refusing to suppress Mr. Williams's confession.

V.

Mr. Williams contends next that reversal is warranted because the jury's verdicts were inconsistent. In addition to the two counts on which Ms. Abfalter was convicted, Mr. Williams was convicted on six counts of aiding and abetting Ms. Abfalter in making a false statement in a firearms transaction in violation of § 924(a)(1)(A) and § 2. (Ms. Abfalter was charged for these crimes but not convicted of them). Also, although the jury found both defendants guilty on the conspiracy count and made a separate finding that they both conspired to make false statements with respect to Form 4473, it also found (regarding the same count) that only Mr. Williams conspired to aid and abet the receipt and possession of firearms by a prohibited person in violation of § 922(g), § 371, and § 2.

As we have said repeatedly, the only question raised by inconsistent verdicts is whether there was enough evidence presented to support the conviction. *See United States v. Villiard*, 186 F.3d 893, 895-96 (8th Cir. 1999). To establish a violation of § 924(a)(1)(A), the government must prove that a defendant knowingly made a false statement with respect to information that the law requires a federally licensed firearms dealer to keep. *See* 18 U.S.C. § 924(a)(1)(A). Section 2 prohibits aiding and abetting such an offense and makes an aider and abetter "punishable as a principal." *See* 18 U.S.C. § 2. All the false statement counts concerned Ms. Abfalter's representations on Form 4473 that she was the actual buyer of the gun; the six false statement counts at issue here concerned guns that Mr. Williams confessed to having sold after he had Ms. Abfalter purchase them for him. Viewing the evidence in the light most favorable to the government, as we of course must on a challenge to its sufficiency, we hold that the evidence adduced at trial sufficed to prove that Ms. Abfalter was a "straw purchaser" of the gun for Mr. Williams and therefore that Mr. Williams aided and abetted the making of a false statement in violation of § 924(a)(1)(A). *Cf. United States v. Wilson*, 787 F.2d 375, 381 (8th Cir. 1986), *cert. denied*, 479 U.S. 857, 865 (1986); *United States v. Nelson*, 221 F.3d 1206, 1209-10 (11th Cir. 2000), *cert. denied*, 531 U.S. 951 (2000). *See generally*

*United States v. Al-Muqsit*, 191 F.3d 928, 932-35 (8th Cir. 1999), *cert. denied*, 528 U.S. 1029 (1999), *vacated in part on other grounds*, *United States v. Logan*, 210 F.3d 820 (8th Cir. 2000) (en banc).[2]

We also conclude that the evidence produced at trial sufficed to convict both Mr. Williams and Ms. Abfalter of conspiring knowingly to make false statements in a firearm transaction in violation of § 924(a)(1)(A) and § 371. We thus need not inquire into the propriety of the jury's separate finding that Mr. Williams conspired to aid and abet the receipt and possession of firearms by a prohibited person, while Ms. Abfalter was found not to have done so. That is because the separate findings had no effect on the judgment: The conspiracy count laid in the indictment was for conspiring to commit an offense against the United States in violation of § 371, and the making of the false statements constitutes an offense; we thus presume that the judgment on the conspiracy count was based only on this conduct, of which both defendants were found guilty. In other words, the additional finding against Mr. Williams was mere surplusage and did not result in his conviction of a crime.

## VI.

Mr. Williams challenges next the sufficiency of the evidence supporting the rest of the counts for which he was convicted, namely, being a felon in possession of a firearm in violation of § 922(g)(1) and aiding and abetting the making of a false

---

[2]We recognize of course that Ms. Abfalter was not convicted for these particular false statements, but the "conviction of the principal is not necessary to sustain a conviction of an aider and abetter," *see United States v. Hudson*, 717 F.2d 1211, 1214 (8th Cir. 1983). There are "any number of reasons" that the jury might have chosen not to convict Ms. Abfalter for these crimes, "including an inclination to be merciful." *United States v. Whatley*, 133 F.3d 601, 606 (8th Cir. 1998), *cert. denied*, 524 U.S. 940, 945 (8th Cir. 1998). Our inquiry, however, concerns only whether there was sufficient evidence to convict Mr. Williams, which we believe there was.

statement in the final firearm purchase (for which Ms. Abfalter was also convicted). We do not believe that this challenge has any merit.

For Mr. Williams to be convicted of being a felon in possession of a firearm, the government must prove that he had previously been convicted of a crime punishable by imprisonment exceeding one year, that he knowingly possessed a firearm, and that the firearm had been in or had affected interstate commerce. *United States v. Boyd*, 180 F.3d 967, 978 (8th Cir. 1999). Here, Mr. Williams contends only that he never "knowingly possessed" a firearm. Constructive possession of the firearm is established, however, where the suspect "has dominion over the premises where the firearm is located, or control, ownership, or dominion over the firearm itself." *United States v. Boykin*, 986 F.2d 270, 274 (8th Cir. 1993), *cert. denied*, 510 U.S. 888 (1993). For Mr. Williams to have sold the firearms, we conclude that he must have had at least constructive possession over those firearms. We thus hold that the evidence suffices on the felon-in-possession charge.

With regard to the false statement allegedly involved in the final firearm purchase, we believe that a reasonable person could infer that Ms. Abfalter's aim in this purchase was the same as it had been in the prior ones, namely, to act as a "straw purchaser" for Mr. Williams. On a challenge to the sufficiency of the evidence supporting a criminal conviction we must view the evidence "in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences drawn from the evidence that support the jury's verdict," *United States v. Erdman*, 953 F.2d 387, 389 (8th Cir.1992), *cert. denied*, 505 U.S. 1211 (1992). Applying this standard, we believe that Mr. Williams's confession and the other evidence produced at trial suffice to uphold his conviction for being an aider and abetter of knowingly making a false statement in the final purchase of firearms.

## VII.

Mr. Williams argues next that the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), when it failed to procure a videotape from one of the shops where Ms. Abfalter purchased firearms. "To prove a *Brady* violation, a defendant must show that the prosecution suppressed the evidence, the evidence was favorable to the accused, and the evidence was material to the issue of guilt or punishment." *United States v. Duke*, 50 F.3d 571, 577 (8th Cir.1995), *cert. denied*, 516 U.S. 885 (1995). We discern a number of difficulties with Mr. Williams's argument, not the least of which is that by hypothesis he can make no showing that the videotape in question would be favorable to him. We thus conclude that his *Brady* claim is meritless. *Cf. United States v. Wadlington*, 233 F.3d 1067, 1076-77 (8th Cir. 2000), *cert. denied*, 534 U.S. 1023 (2001).

## VIII.

Last, Mr. Williams challenges several aspects of his sentence. Having reviewed the record, we conclude that these challenges are meritless.

## IX.

Accordingly, we affirm the judgments of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.