# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2639

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Rico Hayes, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  January 13, 2004

Filed:  January 21, 2004

_____

Before LOKEN, Chief Judge, FAGG and BOWMAN, Circuit Judges.

_____

PER CURIAM.

The Government charged Rico Hayes with being a felon in possession of a firearm.  At his trial, Hayes's wife waived her marital privilege and testified she had seen Hayes possess one of the guns in question and had seen him possess the other gun's bag.  She also testified that while Hayes was out of town, she found the gun bag in a sack containing Hayes's clothing, found a gun inside the bag, then called the police, who confiscated the gun.  Police officers also testified that when they responded to a domestic disturbance call at the Hayes's residence later, Hayes told them his wife had his gun and he wanted it back.  When they arrested Hayes the next

day, he told them they already had all his guns and should leave him alone. A jury convicted Hayes.

On appeal, Hayes asserts the district court[*] abused its discretion in ruling Hayes could not impeach his wife with her seventeen-year-old convictions for making false statements to receive food stamps and for obtaining food stamps by fraud. See United States v. Payton, 159 F.3d 49, 56-58 (2d Cir. 1998). Although generally "evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment," Fed. R. Evid. 609(a)(2), "[e]vidence of a conviction . . . is not admissible if a period of more than ten years has elapsed since the date of the conviction . . . unless the court determines, in the interests of justice, that the probative value of the conviction . . . substantially outweighs its prejudicial effect," Fed. R. Evid. 609(b). The legislative history of Rule 609(b) indicates that convictions more than ten years old will be admitted very rarely and only in exceptional circumstances. United States v. Fallon, 348 F.3d 248, 254 (7th Cir. 2003). Rule 609(b) thus establishes a rebuttable presumption against admissibility. United States v. Johnson, 720 F.2d 519, 522 (8th Cir. 1983).

The district court did not abuse its discretion in excluding the convictions. After a hearing, the district court ruled Hayes's wife's convictions should not be admitted because they were more than ten years old and their probative value was outweighed by their prejudicial effect. The prior convictions had little impeachment value, Hayes's wife engaged in no criminal wrongdoing afterwards, her testimony was not critical to the Government's case, and her trial testimony was consistent with the other testimony at trial.

---

[*]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

Hayes also asserts the evidence was insufficient to support his convictions. According to Hayes, the Government did not prove beyond a reasonable doubt that he possessed the guns. We disagree. Viewing the evidence in the light most favorable to the verdict, a reasonable jury could find beyond a reasonable doubt that Hayes knowingly possessed both guns, either actually or constructively. See United States v. Abfalter, 340 F.3d 646, 654 (8th Cir. 2003). The testimony at trial established Hayes made six statements to various law enforcement officers showing his knowing possession of the guns.

We thus affirm the district court. See 8th Cir. R. 47B.

_____