# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2731

_____

United States of America,           \*

                              \*

             Appellee,          \*

                              \*   Appeal from the United States

         v.                  \*   District Court for the

                              \*   Eastern District of Missouri.

Preston E. Maxwell,             \*

                              \*

            Appellant.        \*

_____

Submitted:  January 12, 2004

Filed:  April 14, 2004

_____

Before BYE, LAY, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Preston E. Maxwell appeals his conviction by the district court[1] for being a felon in possession of a handgun in violation of 18 U.S.C. § 922(g)(1). Maxwell argues on appeal that the district court erred by: (1) denying his motion for judgment of acquittal; (2) sentencing him as an armed career criminal; (3) not requiring the

_____

[1] The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

government to prove that his burglary conviction qualified as a violent crime. For the reasons set forth below, we affirm.

## I. *Background*

On New Year's Eve, December 31, 2001, Maxwell attended a party hosted by his girlfriend, Darlene Weaver, at her residence in Poplar Bluff, Missouri. The Poplar Bluff Police Department formed a special detail in an effort to curtail the discharging of firearms at the stroke of midnight on New Year's Eve. Such discharges, even though an annual tradition for some, violate a Poplar Bluff municipal ordinance. Detective Gary Pride and Lieutenant Tony Wallace of the Poplar Bluff Police Department were members of the special detail unit. While on patrol, Pride stationed his patrol car in Weaver's neighborhood to listen for gunshots.

Shortly before midnight, Pride heard gunfire. Some of the shots were off in the distance, while others were closer. Pride saw a muzzle flash near Weaver's residence. Immediately, Pride radioed dispatch for assistance and described Weaver's residence as the suspected discharge point. Pride moved to cross a vacant lot separating him from Weaver's residence. Approximately thirty feet from the rear of the residence, Pride turned on his flashlight. Pride saw Lieutenant Wallace's patrol car stop in front of Weaver's residence, and at this point Pride exited the bushes separating the vacant lot and Weaver's backyard.

When Pride emerged from the bushes, he saw two females and one male standing together in a circle near a back-door entrance of Weaver's house. Pride identified himself as a police officer, and the male, later identified as Maxwell, fled. The females did not move. Pride asked the females to show him their hands, and they complied with his request. Pride radioed to Lieutenant Wallace that the male was running toward the front of the house. Pride remained at the rear of the residence. He shined his flashlight near the females and observed a Bersa handgun (lying on top of a masonry block), a magazine for the handgun, live rounds, and expended cartridge

-2-

casings. Soon, Officer James Samples arrived to assist Pride at the back of the house. Samples remained with the two females, and Pride went to the front of the residence to see whom Lieutenant Wallace had found. None of the officers obtained identities for the two females.

By this time, Lieutenant Wallace had Maxwell in custody but not handcuffed. Wallace asked Maxwell his name and explained the dangers of discharging a weapon into the air and that such discharges violated a municipal ordinance. Wallace also told Maxwell that violators would be cited, issued a summons, fined $75, and given a court date. When Wallace informed Maxwell of the $75 fine amount, Maxwell exclaimed, "$75 [expletive deleted]. I should have cranked off a few more rounds." The officers did not investigate further.

On August 15, 2002, a federal grand jury returned a single-count indictment charging Maxwell with possession of a firearm by a felon, in violation of § 922(g)(1). Maxwell pleaded not guilty to the indictment. On March 11, 2003, the case proceeded to trial, and a jury returned a guilty verdict. Maxwell twice moved for a judgment of acquittal, but the district court denied both motions. Maxwell appeared for sentencing on June 19, 2003. The court imposed a sentence of 235 months in prison with a term of supervised release of five years. This appeal followed.

## II. *Discussion*

We review the denial of a motion for judgment of acquittal based upon sufficiency of the evidence by viewing the evidence in the light most favorable to the verdict. *United States v. Johnson*, 56 F.3d 947, 956 (8th Cir. 1995). A motion for a judgment of acquittal should be denied when "there is substantial evidence justifying an inference of guilt irrespective of any countervailing testimony that may be introduced." *United States v. Armstrong*, 16 F.3d 289, 292 (8th Cir. 1994). The jury's verdict must be upheld if there is an interpretation of the evidence that would allow a reasonable-minded jury to find the defendant guilty beyond a reasonable doubt.

*United States v. White*, 81 F.3d 80, 82 (8th Cir. 1996). The verdict may be based in whole or in part on circumstantial evidence. *United States v. Alvarado-Sandoval*, 997 F.2d 491, 493 (8th Cir. 1993). We will reverse . . . "only if no construction of the evidence exists to support the jury's verdict." *United States v. Cunningham*, 83 F.3d 218, 222 (8th Cir. 1996).

A. *Sufficiency of the Evidence*

To convict Maxwell under § 922(g)(1),[2] the government had to prove beyond a reasonable doubt that: (1) Maxwell had previously been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) Maxwell knowingly possessed a firearm; (3) the firearm has been in or has affected interstate commerce. *United States v. Horsman*, 114 F.3d 822, 824 (8th Cir. 1997).

The first and third elements are undisputed. As to the second element, Maxwell argues that the district court erred in denying his motions for acquittal because there was insufficient evidence to establish beyond a reasonable doubt that he knowingly possessed a firearm. "A conviction for violating § 922(g) may be based on constructive or joint possession of the firearm." *United States v. Boykin*, 986 F.2d 270, 274 (8th Cir. 1993) (citing *United States v. Woodall*, 938 F.2d 834, 837–38 (8th Cir. 1991)). Constructive possession of the firearm is established if the person has dominion over the premises where the firearm is located, or control, ownership, or dominion over the firearm itself. *Boykin*, 986 F.2d at 274. Here, the government used Maxwell's extrajudicial statement to demonstrate that he had constructive possession of the firearms discharged at Weaver's residence.

---

[2] Section 922(g)(1) provides "it shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition . . . ."

Maxwell argues that the district court erred in admitting this statement prior to the government's establishment of the crime's corpus delicti.[3] Specifically, Maxwell argues that the government failed to sufficiently corroborate his statement[4] to support the conviction. We find this argument unavailing.

"It is a settled principle of the administration of criminal justice in the federal courts that a conviction must rest upon firmer ground than the uncorroborated admission or confession of the accused." *Wong Sun v. United States*, 371 U.S. 471, 488–89 (1963). To satisfy the corroboration requirement, the government need not present corroborative evidence, independent of the statement, but must support the essential facts admitted in the statement sufficiently to establish the corpus delicti. The evidence is sufficient if there is substantial independent evidence which would tend to support "the essential facts admitted sufficiently to justify a jury inference of their truth." *Opper*, 348 U.S. at 93.

We hold that ample evidence exists to support a finding that Maxwell had constructive possession of the firearm. The government presented sufficient evidence to corroborate Maxwell's admission. First, the government introduced evidence that Pride saw a muzzle flash near Weaver's residence. Second, Pride observed Maxwell and two females standing in Weaver's backyard, which was in the vicinity where

---

[3] The concept of corpus delicti involves two component parts of a crime, including, (1) the occurrence of the specific injury or loss and (2) somebody's criminality as the source of the loss. *United States v. Shunk*, 881 F.2d 917, 918–19 (10th Cir. 1989).

[4] Maxwell's statement could not be admitted into evidence if the government failed to introduce substantial evidence to verify the trustworthiness of the statement. *Opper v. United States*, 348 U.S. 84, 93 (1954). The corroboration rule requires the government to introduce substantial independent evidence which would tend to make the admission reliable, thus corroborating it while also establishing independently the other necessary elements of the offense. *Id.*

Pride heard gun shots. Third, once Pride identified himself, Maxwell fled toward the front of the house. Pride noticed a handgun nearby where he had observed Maxwell and the two females standing in the backyard. Fourth, Pride saw a magazine, live rounds, and expended cartridge casings near the handgun. Lastly, when Maxwell was stopped by another officer at the front of the residence, Maxwell stated, "Yes, I fired the weapon . . . ." This evidence established the trustworthiness of Maxwell's admission. Therefore, we conclude there was ample evidence to support a reasonable jury's finding that Maxwell knowingly possessed the firearm that he admitted discharging.

## B. *Sentence Enhancement for Aggravated Battery*

Next, Maxwell challenges the district court's sentencing enhancements pursuant to 18 U.S.C. § 924(e).[5] First, Maxwell contends that the district court erred when it enhanced his sentence based on an aggravated-battery conviction because this prior offense was added to the Presentence Investigation Report only seven days before sentencing. Specifically, Maxwell contends he did not have the opportunity to challenge the alleged conviction because it was not pled in the indictment or mentioned in the presentence report in a timely manner. We disagree.

Maxwell was charged in a one-count indictment alleging a violation of § 922(g)(1). The indictment set forth three of Maxwell's previous convictions, including possession of a controlled substance, aggravated assault, and burglary. The United States Probation Office prepared its first Presentence Investigation Report ("Report I") on April 29, 2003. Under Report I, Maxwell did not qualify for a

---

[5] Section 924(e)(1) specifically states:

In the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years . . . .

sentence enhancement under § 924(e).[6] Under § 924(a)(2), Maxwell's maximum term of imprisonment was ten years. The government filed its response to Report I indicating it had no objections.

On June 12, 2003, seven days before Maxwell's June 19 sentencing hearing, the United States Probation Office revised Report I in another report ("Report II") and immediately made it available to Maxwell's trial counsel. Report II added a 1993 aggravated-battery conviction from a county in Illinois. With the added conviction, the term of imprisonment increased from a maximum of ten years to a minimum of fifteen years up to a maximum term of life. The added conviction enhanced Maxwell's sentence under § 924(e) to one greater than the statutory maximum set under § 924(a)(2).

Maxwell argues that he can only be sentenced up to a maximum of ten years' imprisonment based upon two prior felonies rather than the enhanced penalty prescribed by § 924(e)(1) for three prior felonies. At sentencing, Maxwell's counsel protested that he did not have a chance to lodge a written objection to the inclusion of the 1993 aggravated-battery conviction. His counsel contended the government failed to disclose the third conviction under Rule 16 of the Federal Rules of Criminal Procedure.[7] In response, the government explained that it disclosed the conviction the

---

[6] Section 924(e) acts as a sentencing-enhancement provision for individuals convicted of violating § 922(g). *United States v. Talley*, 16 F.3d 972, 974 n.2 (8th Cir. 1994).

[7] Federal Rules of Criminal Procedure, Rule 16(d) provides:

Upon a defendant's request, the government must furnish the defendant with a copy of the defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows–or through due diligence could know–that the record exists.

same day it was discovered. The district court concluded that there was no indication the government intentionally concealed the aggravated-battery conviction and overruled Maxwell's objection. Based on Maxwell's conviction for two aggravated-battery charges and one burglary charge, the district court applied a Chapter Four enhancement under § 924(e)(1).

Our Court reviews a trial court's evidentiary rulings under an abuse of discretion standard. *Trokyna v. Cleveland Chiropractic Clinic*, 280 F.3d 1200, 1205 (8th Cir. 2002). "We review the trial court's factual findings in support of a sentencing enhancement for clear error and its application of the sentencing guidelines to the facts de novo." *United States v. Campbell*, 270 F.3d 702, 706–07 (8th Cir. 2001).

We are not persuaded that the seven-day notice caused unfair surprise and prevented Maxwell from adequately addressing the validity of the added conviction. Maxwell was put on notice of the added conviction immediately after the government discovered it. Most importantly, Maxwell's counsel did not request a continuance after learning of the additional conviction. We therefore hold that the district court did not abuse its discretion in admitting the aggravated-battery conviction.

C. *Violent Felony Enhancement*

Lastly, Maxwell argues that the district court erred when it failed to determine whether his Illinois conviction for burglary constituted "burglary" for the purpose of a sentence enhancement for a violent felony under § 924(e)(2)(B)(ii).[8]

---

[8] Section 924(e)(1) provides:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1)

The Supreme Court defined the necessary elements to enhance a defendant's sentence under § 924(e)(2) for burglary in *Taylor v. United States*, 495 U.S. 575, 598–99 (1990). The Court reasoned "that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 599.

Maxwell contends that he is entitled to a *Taylor*-type determination because the Illinois burglary statutes do not follow the generic definition described in *Taylor*. We find this argument unpersuasive. The relevant Illinois statutes provide the following:

> Sec. 19-1. Burglary.
> (a)     A person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle as defined in the Illinois Vehicle Code, railroad car, or any part thereof, with intent to commit therein a felony or theft . . . .
>
> Sec. 19-3. Residential burglary.
> (a)     A person commits residential burglary who knowingly and without authority enters or knowingly and without authority remains

---

> of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

The statute then defines "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . .
> (ii) is burglary . . . .

Section 924(e)(2)(B)(ii).

within the dwelling place of another, or any part thereof, with the intent to commit therein a felony or theft . . . .

720 ILL. COMP. STAT. 5/19-1, 5/19-3 (2001). Both Illinois statutes defining burglary include all the generic elements of burglary defined in *Taylor*.

Maxwell's Presentence Investigation Report reveals that he was convicted of an Illinois burglary on October 18, 1996. The report describes Maxwell's offense as entering the Ottawa Inn in Ottawa, Illinois, and stealing a television. Given these facts, we hold Maxwell's Illinois felony fell within the generic definition of burglary for enhancement purposes outlined in *Taylor*. Accordingly, we hold that the district court did not err in enhancing Maxwell's sentence pursuant to § 924(e).

### III. *Conclusion*

For the foregoing reasons, we affirm Maxwell's sentence.

_____