# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1650

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Winfred Thomas, | * | Eastern District of Missouri. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: April 4, 2005
Filed: April 13, 2005

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.


Winfred Thomas appeals the district court's[1] judgment, entered upon a jury verdict, finding him guilty of being a felon in possession of firearms and sentencing him to 216 months imprisonment. See 18 U.S.C. §§ 922(g), 924(e). For the reasons that follow, we affirm.

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

During the jury selection process, Thomas challenged under <u>Batson v.</u> <u>Kentucky</u>, 476 U.S. 79 (1986), the government's use of a peremptory challenge to strike one potential juror. The government explained that it had struck the juror in question because he had said nothing during voir dire, he did not own his residence, he did not have children, and he had no identifiable community involvement. The government stated it had struck other potential jurors for the same reasons and did not decline to strike anyone similarly situated, and the district court, finding the government's explanation was race-neutral, denied the <u>Batson</u> challenge. We review for clear error, <u>see</u> <u>United States v. Jones</u>, 245 F.3d 990, 992 (8th Cir. 2001), and find none. <u>See</u> <u>United States v. Atkins</u>, 25 F.3d 1401, 1406 (8th Cir.) (juror lacking attachment to community was validly stricken by government), <u>cert. denied</u>, 513 U.S. 953 (1994); <u>United States v. Hoelscher</u>, 914 F.2d 1527, 1540 (8th Cir. 1990) (no <u>Batson</u> violation where government's reasons for striking juror included that she said nothing during voir dire), <u>cert. denied</u>, 498 U.S. 1090 and 500 U.S. 943 (1991).

Thomas also challenges the sufficiency of the evidence introduced at trial. We review the evidence in the light most favorable to the government, giving the government the benefit of all reasonable inferences. <u>See</u> <u>United States v. Maxwell</u>, 363 F.3d 815, 817 (8th Cir. 2004), <u>cert. denied</u>, 2005 WL 406296 (Feb. 22, 2005). The verdict must be upheld if there is an interpretation of the evidence that would allow a reasonable jury to find guilt beyond a reasonable doubt. <u>See</u> <u>id.</u> To convict Thomas as a felon in possession, the government had to prove that he had been convicted of a felony, that he knowingly possessed a firearm, and that the firearm traveled in or affected interstate commerce. <u>See</u> 18 U.S.C. § 922(g)(1); <u>United States</u> <u>v. Abfalter</u>, 340 F.3d 646, 654 (8th Cir. 2003), <u>cert. denied</u>, 540 U.S. 1134 (2004).

Thomas stipulated he was a convicted felon, and two witnesses testified that the firearms found in the Ford Explorer he was driving at the time of his arrest had traveled in interstate commerce. In addition, there was ample evidence that Thomas knowingly possessed the firearms for purposes of section 922(g): one firearm was

found under the driver's seat, and two were in a bag on the floorboard behind the seat, and officers had recently observed occupants of the Explorer receive the bag from an unidentified individual suspected of involvement in a gun store robbery. See Maxwell, 363 F.3d at 818 (conviction under § 922(g) may be based on constructive or joint possession of firearm; constructive possession is established if person has dominion over premises where firearm is located, or control, ownership, or dominion over firearm itself); United States v. Walker, 393 F.3d 842, 847 (8th Cir. 2005) (affirming felon-in-possession conviction where gun was found under front passenger seat of defendant's vehicle, and defendant was initially seated in front passenger seat); United States v. Hiebert, 30 F.3d 1005, 1009 (8th Cir.) (affirming felon-in-possession conviction where rifle was found in vehicle defendant was driving), cert. denied, 513 U.S. 1029 (1994).

In pro se supplemental briefs, which we grant leave to file, Thomas challenges his sentence. We conclude that the district court was correct in finding Thomas's prior Missouri burglary convictions (one first-degree and two second-degree) qualify as predicate offenses under section 924(e). See United States v. Nolan, 397 F.3d 665, 666-67 (8th Cir. 2005). In addition, the Supreme Court has not held that prior convictions must be submitted to a jury. See United States v. Booker, 125 S. Ct. 738, 756 (2005). Thomas's remaining arguments either are meritless or were not raised in the district court and do not warrant further discussion, see United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc) (standard of review).

Accordingly, we affirm.

_____