# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-2141

———————

United States of America,

      Appellee,

v.

Vincent Barker Bean, also known as
Lance Bean,

      Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the District
\*  of North Dakota.
\*
\*      [UNPUBLISHED]
\*
\*

———————

Submitted: July 7, 2005
Filed: July 14, 2005

———————

Before SMITH, FAGG, and MAGILL, Circuit Judges.

———————

PER CURIAM.

A jury found Vincent Barker Bean guilty of being a felon in possession of a firearm and being a fugitive from justice in possession of a firearm, and the district court[*] sentenced Bean to 60 months imprisonment and three years supervised release. On appeal, Bean's counsel filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sufficiency of the evidence, the district court's refusal to

———————

[*]The Honorable Ralph Erickson, United States District Judge for the District of North Dakota.

suppress evidence, and the district court's refusal to grant Bean's motion for a judgment of acquittal for speedy-trial violations. We affirm.

Bean was not denied a speedy indictment or a speedy trial. Bean was not formally arrested until after his indictment was filed, and the ensuing periods of excludable delay occurred based primarily on continuances to afford time for pretrial motions. See 18 U.S.C. § 3161; Henderson v. United States, 476 U.S. 321, 326 (1986); United States v. Piggie, 316 F.3d 789, 795 & n.8 (8th Cir.), cert. denied, 540 U.S. 857 (2003). We also conclude the district court properly denied the motion to suppress the firearm, upon finding the firearm was seized by foreign police who did not act as agents of their American counterparts, and whose conduct was not conscience-shocking. See United States v. Morgan, 270 F.3d 625, 630 (8th Cir. 2001) (standard of review), cert. denied, 537 U.S. 849 (2002); United States v. Delaplane, 778 F.2d 570, 573 (10th Cir. 1985) (exclusionary rule does not require suppression of evidence seized by foreign police unless conduct shocks judicial conscience, or foreign officers acted as agents for their American counterparts), cert. denied, 479 U.S. 827 (1986).

The evidence of Bean's convictions, viewed in the light most favorable to the verdict, see United States v. Shepherd, 284 F.3d 965, 969 (8th Cir. 2002) (standard of review), shows that Bean, a convicted felon and a fugitive, was stopped in his vehicle across the border between North Dakota and Canada when he failed to yield at a customs checkpoint. Hidden in a firewall compartment under the hood of his vehicle was a firearm which had traveled in interstate commerce. In interviews with authorities in Canada and the United States, Bean acknowledged he knew of the gun's presence in the vehicle. This evidence amply supports Bean's convictions. See 18 U.S.C. § 922(g)(1), (2) (felon-in-possession and fugitive-in-possession elements); United States v. Abfalter, 340 F.3d 646, 654 (8th Cir. 2003) (constructive possession of firearm), cert. denied, 540 U.S. 1134 (2004); United States v. Stroh, 176 F.3d 439,

440 (8th Cir. 1999) (reviewing court neither weighs evidence nor assesses credibility of witnesses).

Finally, we reject Bean's pro se challenge to the denial of his motion to suppress statements he made after the Canadians returned him to United States customs officials, because an officer testified Bean had made the statements after waiving his rights under Miranda v. Arizona, 384 U.S. 436 (1966), and the district court credited the officer's testimony. See United States v. Jones, 266 F.3d 804, 815-16 (8th Cir. 2001). Likewise, Bean's challenge to the district court's discretionary denial of his downward departure motion fails because the district court's decision is not reviewable. See United States v. Mohr, 407 F.3d 898, 902 (8th Cir. 2005) (denial of downward departure unreviewable where district court was aware of its authority to depart). We do not address Bean's ineffective-assistance-of-counsel claims, because they are not properly before us in this direct criminal appeal. See United States v. Santana, 150 F.3d 860, 863 (8th Cir. 1998).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues.

Accordingly, the judgment of the district court is affirmed. We grant counsel's motion to withdraw, and deny Bean's pro se motion for substitute appellate counsel.

_____

-3-