# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3020

_____

United States of America,         *
                                         *

        Appellee,        *

                                         *   Appeal from the United States
       v.                *   District Court for the
                                         *   Southern District of Iowa.

Christopher Earl Smith,        *

                                         *   [UNPUBLISHED]

        Appellant.       *

_____

Submitted: January 15, 2010
Filed: January 21, 2010

_____

Before MURPHY and BYE, Circuit Judges, and GOLDBERG,[1] Judge.

_____

PER CURIAM.

Christopher Smith was found guilty following a jury trial of being a prohibited person in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), (3), 924(a)(2), and notice of forfeiture, in violation of 18 U.S.C. § 924(d)(1). The district court[2] sentenced Smith to seventy months' imprisonment followed by two years of supervised release. Smith appeals, contending the district court erred in denying his

_____

[1]The Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

[2]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

request for judgment of acquittal or, in the alternative, a new trial. Smith also argues the district court erred by denying his request for a downward departure at sentencing. We affirm.

The record reveals on June 27, 2006, a police officer working for the Southwest Iowa Narcotics Enforcement Unit suspected Smith was trafficking methamphetamine and firearms. The officer drove to Smith's residence and waited for him there. When Smith arrived at his home driving his Dodge pickup truck, the officer observed what appeared to be a crumpled potato chip bag in the bed of the truck. Smith consented to a search, and the police officer discovered inside the bag a zippered pouch which itself contained an object tightly-wrapped in plastic and blue tape. At this stage, Smith told the officer to "[c]heck it for prints, mine won't be on it." The officer removed the tape and plastic and discovered a .380 FN Herstal semi-automatic pistol.

The first issue Smith raises is whether the evidence presented at trial was sufficient to prove he was a prohibited person in possession of a firearm. Smith stipulated to his status as a felon, but argued he did not "knowingly" possess the handgun. We have previously held in order to sustain a conviction under 18 U.S.C. § 922(g)(1), the government must prove the defendant possessed the firearm knowingly. See United States v. Maxwell, 363 F.3d 815, 818 (8th Cir. 2004). We review de novo Smith's claim of insufficient evidence, "viewing evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." United States v. Whirlwind Soldier, 499 F.3d 862, 869 (8th Cir. 2007) (internal quotation marks omitted). The conviction will be sustained unless no reasonable jury could have found the accused guilty of the crime charged. Id. We conclude the evidence was sufficient for the jury to find Smith possessed the handgun knowingly. Smith overlooks the fact the jury is entitled to make reasonable inferences drawn from the direct evidence. Here, given the facts the gun was discovered in Smith's truck, and Smith's insistence

that his fingerprints would not be on the yet-unidentified object, the jury's inference Smith knowingly possessed the firearm was reasonable.

Smith next argues the district court erred by declining to grant him a new trial because the jury's verdict amounted to a serious miscarriage of justice. We disagree. In determining whether to grant a motion for a new trial on the ground the verdict is contrary to the weight of the evidence, "[t]he district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." United States v. Walker, 393 F.3d 842, 847 (8th Cir. 2005) (quoting United States v. Lincoln, 630 F.2d 1313, 1319 (8th Cir. 1980)). If, after doing so, the court determines "the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." Id. at 847-48. "The district court's denial of [Smith's] motion for a new trial based on the weight of the evidence will be affirmed absent a clear and manifest abuse of discretion." United States v. Anwar, 428 F.3d 1102, 1109 (8th Cir. 2005) (internal quotation marks omitted). For the reasons we have already articulated, there was evidence in the record supporting the jury's conclusion Smith knowingly possessed the firearm. The district court did not abuse its discretion by concluding that no miscarriage of justice occurred.

Finally, Smith contends his sentence of 70 months' imprisonment was substantively unreasonable. When we review the imposition of sentences, whether inside or outside the Guidelines range, we apply 'a deferential abuse-of-discretion standard.'" United States v. Hayes, 518 F.3d 989, 995 (8th Cir. 2008) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)). A district court abuses its discretion when it (1) "fails to consider a relevant factor that should have received significant weight"; (2) "gives significant weight to an improper or irrelevant factor"; or (3) "considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Kane, 552 F.3d 748, 752 (8th Cir. 2009) (internal

quotations and citation omitted).  In conducting this review, this court "take[s] into account the totality of the circumstances, including the extent of any variance from the Guidelines range."  Id.  If, as it is here, the defendant's sentence is within the Guidelines range, then we "may, but [are] not required to, apply a presumption of reasonableness."  Gall, 552 U.S. at 51.  Just because this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."  Id.  Smith argues the district court failed to adequately consider his history of substance abuse and his interest in caring for his family.  The record convinces us the district court adequately considered these factors among others in reaching its sentencing decision.  We therefore find no error in Smith's sentence.

We affirm.

_____